UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**LENORE DAUDLIN, individually,
by her Guardian, KAREN GENTNER,**

    **Plaintiff,**

Case: _____-CV

v.                                                                Hon.

**ZIMMER BIOMET, INC.,
f/k/a/ ZIMMER, INC. and
ZIMMER BIOMET HOLDINGS, INC.,
f/k/a ZIMMER HOLDINGS, INC.**

    **Defendants,**

_____/

**There is no other pending or resolved civil action arising out of the transaction
or occurrence alleged in the complaint.**

## COMPLAINT

COMES NOW, Plaintiff LENORE DAUDLIN, by and through her guardian, KAREN GENTNER, for her Claim for Relief against the Defendants Zimmer Biomet, Inc., f/k/a Zimmer, Inc., and Zimmer Biomet Holdings, Inc., f/k/a Zimmer Holdings, Inc., alleges and states as follows:

### NATURE OF THE ACTION

1. This is an action for negligence, including negligent design and manufacture, breach of express and implied warranties, negligent misrepresentation, and negligent failure to warn brought on behalf of Plaintiff,

by her guardian, Karen Genter, for injuries arising out of the use of the Zimmer ZMR Hip System.

2. Zimmer manufactured and supplied to doctors a total hip arthroplasty system known as the Zimmer ZMR Hip System, which included a femoral implant.

3. Plaintiff received a total arthroplasty with the Zimmer ZMR Hip System in 2013. In May 2103, her femoral implant failed, fracturing at the body-stem junction, resulting in injury, including chronic pain and loss of function, as well as economic damages and pain and suffering.

4. The failure of Plaintiff's femoral implant was the result of negligence and breach of warranty by Zimmer.

## PARTIES, JURISDICTION & VENUE

5. Plaintiff is a resident of Michigan and has been at all times relevant to this Complaint.

6. Defendant Zimmer Biomet, Inc., formerly known as Zimmer, Inc., is a corporation organized under the laws of the state of Delaware with its principal place of business in Indiana, and it has been at all times relevant to this Complaint.

7. Defendant Zimmer Biomet Holdings, Inc., formerly known as Zimmer Holdings, Inc., is a corporation organized under the laws of the state of Delaware

with its principal place of business in Indiana, and it has been at all times relevant to this Complaint.

8. Defendants Zimmer Biomet, Inc. and Zimmer Biomet Holdings, Inc. will be collectively referred to as "Zimmer." "Zimmer" includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational units of any kind, their predecessors, successors, and assigns, and their officers, directors, employees, agents, and representatives, as well as any and all other persons acting on behalf of Defendants Zimmer Biomet, Inc. and Zimmer Biomet Holdings, Inc.

9. Zimmer designed, manufactured, fabricated, marketed, packaged, advertised, distributed, and sold the Zimmer ZMR Hip System throughout the world, including in this judicial district.

10. Zimmer knowingly markets its products, including the Zimmer ZMR Hip System to patients in this judicial district, and it has derived income from such marketing of its products in this judicial district.

11. Defendants acted jointly and severally.

12. This Court has subject-matter jurisdiction over Defendants and this action pursuant to 28. U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and cost.

13. This Court has personal jurisdiction over Defendants because Defendants have had significant contacts with this judicial district by virtue of doing business within this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to these claims occurred within this judicial district.

## COMMON ALLEGATIONS

15. On May 29, 2013, when she was 78 years old, Plaintiff underwent a total hip arthroplasty (a hip replacement) for her left hip. In this procedure, her physician used a Zimmer ZMR Hip System, including a femoral implant.

16. Zimmer designed, manufactured, and marketed the Zimmer ZMR Hip System.

17. At all times after her 2013 hip replacement, she engaged in normal activities for which the Zimmer ZMR Hip System was designed. She did not suffer any trauma or injuries that would have damaged the Zimmer ZMR Hip System.

18. In April 2019, Plaintiff reported severe pain and instability in her left hip.

19. On April 16, 2019, she treated with a physician, Dr. Nicholas Frisch, who diagnosed that the femoral implant in her left hip had fractured. The physician described her condition as "failure of left hip total arthroplasty. Femoral component compromise. . . . Preoperative assessment demonstrated failure of the

femoral implant at the body stem junction with complete dissociation, fracture, and proximal migration of the greater trochanteric fragment."

20. On April 18, 2019, Plaintiff underwent revision surgery for a new left hip arthroplasty, as a repair for the failed Zimmer ZMR Hip System. In this surgery, the surgeon also performed a soft tissue mobilization of greater trochanter with reconstruction; and a scar revision.

## COUNT I:   NEGLIGENCE

21. Plaintiff incorporates by reference the foregoing paragraphs.

22. At all relevant times, Zimmer had a duty to Plaintiff and to the public generally to exercise reasonable and ordinary care and to meet applicable professional and industry standards with respect the design, formulation, manufacture, testing, quality assurance, quality control, labeling, marketing, promotions, and distribution of the Zimmer ZMR Hip System, including a duty to assure that the product did not pose a significantly increased risk of bodily harm and adverse events.

23. Zimmer failed to exercise and ordinary care and to meet applicable professional and industry standards in the design, formulation, manufacture, testing, quality assurance, quality control, labeling, marketing, promotions, and distribution of the Zimmer ZMR Hip System because it knew or should have known that these products caused or could cause significant bodily harm and was not safe for use by consumers.

24.     As a direct and proximate result of Zimmer's breaches of its duty of care, Plaintiff suffered severe and permanent injuries and damages, including, but not limited to, past and future pain and suffering, past and future medical expenses, loss of bodily function, emotional distress, and loss of enjoyment of life.

WHEREFORE Plaintiff respectfully requests that this Court award her monetary damages in excess of $75,000.00, as well as any and all equitable or other relief to which she may be entitled, including costs and attorneys' fees.

## COUNT II:   BREACH OF IMPLIED WARRANTY

25.     Plaintiff incorporates by reference the foregoing paragraphs.

26.     The Zimmer ZMR Hip System that was used in Plaintiff's left hip replacement in 2013 was not reasonably fit for the uses or purposes anticipated or reasonably foreseen by Zimmer when it left Zimmer's control.

27.     As a proximate result of Zimmer's breach of implied warranty, Plaintiff suffered severe and permanent injuries and damages, including, but not limited to, past and future pain and suffering, past and future medical expenses, loss of bodily function, emotional distress, and loss of enjoyment of life.

WHEREFORE Plaintiff respectfully requests that this Court award her monetary damages in excess of $75,000.00, as well as any and all equitable or other relief to which she may be entitled, including costs and attorneys' fees.

## COUNT III: BREACH OF EXPRESS WARRANTY

28. Plaintiff incorporates by reference the foregoing paragraphs.

29. Zimmer expressly warranted, represented, and stated that the Zimmer ZMR Hip System was safe and effective for its use in total hip arthroplasty procedures.

30. Plaintiff, through her physician, relied on the representation or statement of express warranty for Zimmer's ZMP Hip System.

31. As a proximate result of Zimmer's breach of express warranty, Plaintiff suffered severe and permanent injuries and damages, including, but not limited to, past and future pain and suffering, past and future medical expenses, loss of bodily function, emotional distress, and loss of enjoyment of life.

WHEREFORE Plaintiff respectfully requests that this Court award her monetary damages in excess of $75,000.00, as well as any and all equitable or other relief to which she may be entitled, including costs and attorneys' fees.

## COUNT IV: WILLFUL AND WANTON CONDUCT

32. Plaintiff incorporates by reference the foregoing paragraphs.

33. Zimmer acted wantonly and willfully with respect to the breaches of duty and breaches of express and implied warranty that are set forth in this Complaint.

34. As a proximate result of Zimmer's wilfull and wanton misconduct, Plaintiff suffered severe and permanent injuries and damages, including, but not

limited to, past and future pain and suffering, past and future medical expenses, loss of bodily function, emotional distress, and loss of enjoyment of life.

WHEREFORE Plaintiff respectfully requests that this Court award her monetary damages in excess of $75,000.00, as well as any and all equitable or other relief to which she may be entitled, including costs and attorneys' fees.

Respectfully Submitted,

/s/ Philip Matthews
P.W. MATTHEWS, PLLC
By:    Philip Matthews (P53649)
22422 Edison Street
Dearborn, MI  48124
pmlaw@wowway.com
Dated: July 27, 2020                           313-492-0991


## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

/s/ Philip Matthews
P.W. MATTHEWS, PLLC
By:    Philip Matthews (P53649)
22422 Edison Street
Dearborn, MI  48124
pmlaw@wowway.com
Dated: July 27, 2020                           313-492-0991